***********
In accordance with the Opinion filed on 5 June 2001 by the Court of Appeals holding that plaintiff has failed to prove that she sustained a substantial change of condition pursuant to N.C. Gen. Stat. § 97-47, the Full Commission vacates the prior Opinion and Award filed on 6 January 2000 and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer at the times in question.
3. The carrier liable on the risk is correctly named above.
4. Plaintiff's average weekly wage is $335.93, which yields a compensation rate of $223.96 per week.
5. Defendant-employer admits plaintiff sustained an injury on 26 July 1991.
6. Defendant-employer admits the injury arose out of and in the course of employment and is compensable.
7. Various medical records and other documents have been stipulated into evidence with the Pre-Hearing Agreement. Payroll information for plaintiff from 1996 was provided after the hearing before the Deputy Commissioner.
 ***********
In accordance with the Opinion of Court of Appeals and based on the evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff's claim was originally heard before a Deputy Commissioner on 28 June 1994. Subsequently, by Opinion and Award filed 26 March 1996, the Full Commission found as fact that on 26 July 1991, plaintiff sustained an injury by accident to her back resulting in an L5-S1 diskectomy and fusion surgery performed by Dr. Gerald Coniglio on 1 October 1992. The Full Commission further found that plaintiff reached maximum medical improvement with respect to her back on 2 November 1993. The Full Commission awarded prior temporary total disability benefits and a five percent (5%) permanent partial disability of her back. The Commission determined that plaintiff had not undergone a sufficient job search and that she was able to work with no noted limitations.
2. By Form 33 dated 25 April 1996, plaintiff alleged a substantial change of condition since the 28 June 1994 hearing and requested additional compensation and medical treatment.
3. Before filing the Form 33, plaintiff requested that defendants approve further medical treatment, which was not authorized.
4. From 20 May 1994 through 14 August 1995, plaintiff underwent related treatment for associated pain with board certified pain manager and anesthesiologist Dr. Francisco Naveira at North Carolina Baptist Hospital.
5. On 28 February 1996, Dr. Naveira noted plaintiff's level of pain was worse and increased her methadone. Furthermore, he recommended an MRI, which was performed on 20 March 1996 and revealed disk space narrowing at the L5-S1, the same level involved in the earlier surgery. On 29 March 1996, plaintiff reported her pain level had continued to increase. Therefore, a diagnostic bilateral L4-5 and L5-S1 facet joint injection was performed which gave minimal relief and reduced the pain level temporarily for about six hours. This temporary relief was consistent with pain from the facet which can be affected as a result of back surgery. Based on plaintiff's pain and the lack of relief from the injection, Dr. Naveira recommended a dorsal column stimulator on 15 May 1996. However, plaintiff declined the dorsal column stimulator after reviewing a videotape of the surgical procedure.
7. From July of 1996 until 23 October 1996, plaintiff attempted work as a waitress at Western Steer Steakhouse, her first job since 10 October 1991 when she last worked at Delta Woodsides. She terminated her employment with Western Steer Steakhouse to work as a waitress at Ryan's Steakhouse. However, plaintiff worked at Ryan's for only a month and quit due to pain.
8. Thereafter, on 29 November 1996, neurologist Dr. Jason Greenberg began treating plaintiff upon referral from the North Carolina Baptist Hospital Emergency Room. Plaintiff complained of worsening pain to him. Therefore, Dr. Greenberg placed plaintiff on "no work status" from 29 November 1996 through 1 February 1997 and instituted limitations of 10 to 20 pounds lifting and bending only as comfortable thereafter. Plaintiff was capable of sedentary work within the restrictions given by Dr. Greenberg as of 1 February 1997. However, plaintiff required additional treatment ultimately resulting in surgery.
9. Dr. Naveira again noted plaintiff's worsening pain on 13 December 1996. A CT scan performed on 13 February 1997 revealed mild L5-S1 facet sclerosis or arthritis most likely resulting from the prior surgery.
10. On 22 April 1998, plaintiff presented complaints of back and left leg pain to orthopedist Dr. Alfred L. Rhyne, III for a second opinion regarding the implantation of a dorsal spine stimulator. Dr. Rhyne obtained an MRI of plaintiff's lumbar spine and a discogram to determine the specific location of plaintiff's continuing pain. The tests revealed some fissuring of the L5-S1 disc resulting from plaintiff's prior back surgery. Dr. Rhyne recommended and ultimately performed the surgical removal of the disc on 2 June 1998.
11. Deborah Haynes, a friend who helps with plaintiff's housework and has seen plaintiff one or two times each week, observed that plaintiff appeared to have increasing pain. However, this observation merely documents plaintiff's continued pain.
12. Although plaintiff has complained of increased pain since the 28 June 1994 hearing, plaintiff's complaints of increased pain are a repetition of her earlier complaints of pain. In fact, plaintiff's pain complaints at the time of both hearings were similar. Although Dr. Greenberg removed plaintiff from work on 29 November 1996, plaintiff's pain condition had not substantially worsened in light of the greater weight of the evidence.
13. Plaintiff has failed back syndrome and depression likely resulting from the original injury and surgery. A failed back syndrome is chronic pain that is significant, recurring and difficult to treat. However, plaintiff suffered from failed back syndrome at the time of the original hearing.
14. The 2 June 1998 surgery was necessitated by plaintiff's prior compensable back surgery and is a continuation of that procedure. As a consequence of the surgery and the post-operative recovery period, plaintiff is capable of employment in sedentary light duty positions.
15. As a result of the 2 June 1998 surgery, plaintiff is no longer in need of the surgical implantation of a dorsal column stimulator.
16. Plaintiff has failed to prove by the greater weight of the evidence that she sustained a substantial change of condition. The greater weight of the lay and medical evidence indicates that plaintiff's condition remains stable with continued repetitive complaints of increased pain. Furthermore, any medical evidence supporting that plaintiff's condition has worsened is merely demonstrative of a difference of opinion rather than evidence of an actual substantial change of condition.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Although plaintiff has complained of increased pain and has undergone surgery, the greater weight of the evidence of record fails to demonstrate that plaintiff sustained a substantial change of condition. Therefore, plaintiff is entitled to no further disability benefits. N.C. Gen. Stat. § 97-47; Bailey v. Sears Roebuck Co.,131 N.C. App. 649, 508 S.E.2d 831 (1998).
2. Plaintiff is entitled to related medical treatment which is reasonably necessary to effect a cure, provide relief or lessen the period of plaintiff's disability, with the exception of the dorsal column stimulator, from 28 June 1994 and continuing for future treatment, including the surgical and related post-operative treatment provided by Dr. Rhyne. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Plaintiff's claim for a substantial change of condition is hereby and the same shall be denied.
2. Defendants shall pay all reasonably necessary medical expenses, with the exception of the dorsal column stimulator, incurred or to be incurred by plaintiff as a result of the compensable injury which effect a cure, give relief or tend to lessen plaintiff's period of disability.
3. The parties shall bear their own costs.
This the ___ day of April 2002.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER